**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAM ABOUELASAAD, Administrator Ad Prosequendum of the Estate of VICTORIA M. ABOUELASAAD, Deceased,<br><br>Plaintiff,<br><br>v. | Civil Action No. |
| ALLIANCE CANCER SPECIALISTS, P.C. d/b/a ALLIANCE CANCER SPECIALISTS; KRISTA ISAAC, D.O.; HIGHMARK, INC. d/b/a HIGHMARK BLUE CROSS BLUESHIELD; L3HARRIS TECHNOLOGIES, INC.; L3HARRIS AVIATION PRODUCTS, INC; L3HARRIS GLOBAL COMMUNICATIONS, INC.; L3HARRIS MARITIME POWER & ENERGY SOLUTIONS, INC.; and L3HARRIS NEXGEN COMMUNICATIONS, LLC,<br><br>Defendants. | Removed from the Court of Common Pleas of Bucks County, Pennsylvania<br>No. 2026-04152 |

**NOTICE OF REMOVAL**

AND NOW COME Defendants, L3Harris Technologies, Inc., L3Harris Aviation Products, Inc., L3Harris Global Communications, Inc., L3Harris Maritime Power and Energy Solutions, Inc., and L3Harris NexGen Communications, LLC (collectively, "L3Harris"),[1] by and through undersigned counsel, and hereby submit this Notice of Removal of the above-captioned action from the Court of Common Pleas of Bucks County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

In support thereof, L3Harris states as follows:

[1] L3Harris Technologies, Inc. was Decedent's employer and the sponsor of the group welfare benefit plan at issue in this litigation. L3Harris Technologies, Inc. will request voluntary dismissal of the remaining L3Harris entities, which are not proper parties to this action.

## I. INTRODUCTION

1. Plaintiff alleges that L3Harris, the employer of Plaintiff's Decedent, failed to properly administer healthcare benefits under a group welfare benefit plan. In particular, Plaintiff alleges that L3Harris failed to timely communicate eligibility information under the plan, which impacted certain treatment to Decedent.

2. While L3Harris believes that Plaintiff cannot state any cognizable claim, Plaintiff's complaints arise, if at all, under the Employee Retirement Income Security Act of 1974 ("ERISA"), which governs the administration of group welfare benefit plans. Therefore, because it arises under a federal statute, this case belongs in this Court for all further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

3. Plaintiff, Sam Abouelasaad, as Administrator *Ad Prosequendum* of the Estate of Victoria M. Abouelasaad, deceased ("Plaintiff"), commenced this action in the Court of Common Pleas of Bucks County, Pennsylvania. Plaintiff's state court Complaint was filed on September 21, 2026, and captioned *Abouelasaad v. Alliance Cancer Specialists, P.C., et al.*, No. 2026-04152.

4. Plaintiff's state court Complaint is attached as **Exhibit A**.

5. L3Harris received a copy of the Complaint through service upon its registered agent on September 24, 2026.

6. L3Harris has not filed a responsive pleading to Plaintiff's Complaint in state court, and no other process, pleadings, or orders have been served upon L3Harris in the state court action.

7. L3Harris' responsive pleading in state court is due on November 16, 2026.

8. This Notice of Removal is filed within thirty (30) days after L3Harris's receipt, through service of the Complaint on its registered agent, of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

9. All defendants who have been properly joined and served consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

10. In the Complaint, Plaintiff primarily alleges that Decedent failed to receive timely medical care related to her breast cancer diagnosis, which resulted in additional pain and suffering. (*See* Complaint, at ¶¶ 16, 21-22, 25, 28-31, 49-52).

11. As to L3Harris, Plaintiff alleges that Decedent was employed by L3Harris, and her group health coverage was obtained through that employment. Plaintiff alleges that L3Harris was the sponsor of, and exercised control over the administration, funding, eligibility determinations, and carrier transitions for, the group health benefit plan through which the oncology care of Plaintiff's Decedent was to be covered. (*See* Complaint, at ¶¶ 9-10, 76).

12. Because this group health plan is governed by ERISA, and Plaintiff alleges that the plan was improperly administered by L3Harris, the claims in the Complaint are governed by ERISA and removable to this Court.

## III. BASIS FOR REMOVAL

### A. This Court Has Federal Question Subject-Matter Jurisdiction Because Plaintiff's Claim Against L3Harris Is Completely Preempted by a Federal Statute, ERISA.

13. Pursuant to 28 U.S.C. § 1331, the District Courts of the United States "shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

14. Any civil action brought in a state court of which the federal courts have original jurisdiction may be removed by a defendant to the District Court for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

15. The Court of Common Pleas of Bucks County, Pennsylvania lies within the Eastern District of Pennsylvania.

16. The group health benefit plan through which the healthcare coverage of Plaintiff's Decedent was allegedly provided is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* ERISA applies to *any* employee benefit plan established or maintained by an employer engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003(a)(1).

17. ERISA defines an "employee welfare benefit plan" as a plan "established or maintained by an employer . . . to the extent such plan . . . was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical or hospital care or benefits . . . ." 29 U.S.C. §1002(1).

18. ERISA's civil enforcement provision, Section 502(a), 29 U.S.C. § 1132(a), authorizes a plan participant or beneficiary to bring a civil action to recover benefits under the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. The federal courts have jurisdiction over such actions. 29 U.S.C. § 1132(e)(1).

19. ERISA's civil enforcement mechanism converts an ordinary state common law complaint into one stating a federal claim, even if the claim is not originally captioned under ERISA. A state law cause of action that comes within the scope of Section 502(a) is therefore "necessarily federal in character" and removable, notwithstanding that it purports to raise only state law claims. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 59 (1987).

20. Because Congress has clearly manifested an intent to make causes of action within the scope of ERISA Section 502(a) removable to federal court, such a suit "arise[s] under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and is removable by a defendant, "whether pre-emption was obvious or not at the time th[e] suit was filed." *Taylor*, 481 U.S. at 66-67.

21. A state law claim is completely preempted by ERISA, and removable, where: (1) the plaintiff could have brought the claim under Section 502(a)(1)(B), and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). The Third Circuit applies this test. *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004).

22. ERISA's preemption power is "extraordinary" and broad: "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.

23. In determining whether a claim falls within the scope of Section 502(a), "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Pascack Valley Hospital*, 388 F.3d at 400 (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001)). A plaintiff may not avoid preemption through "the particular label affixed" to a claim, because distinguishing preempted from non-preempted claims on that basis would "elevate form over substance and allow parties to evade" ERISA's preemptive scope. *Davila*, 542 U.S. at 214-15. A state cause of action that merely seeks remedies beyond those authorized by Section 502(a) also does not remove the claim from ERISA's civil enforcement mechanism. *Id.*

**B. Plaintiff's Claim Against L3Harris Falls Within the Scope of ERISA § 502(a).**

24. Plaintiff alleges that L3Harris employed Decedent, while, as the employer, L3Harris "was the sponsor of, and/or exercised control over the administration, funding, eligibility determination and carrier transitions for, the group health benefit plan through which the oncology care of Plaintiff's Decedent was to be covered." (Complaint, at ¶¶ 9-10).

25. Group health benefit plans, like the one alleged in the Complaint, are precisely the type of group welfare benefit plans that ERISA covers, including any plan "maintained by an employer . . . for the purpose of providing medical . . . benefits . . . ." 29 U.S.C. §1002(1).

26. Count V of the Complaint, asserted against L3Harris, is captioned as an ordinary state law negligence count. However, it is actually a disguised ERISA claim.

27. The claim is premised on the administration of an ERISA-governed employee welfare benefit plan. Plaintiff alleges L3Harris failed to ensure "accurate and timely transmission of eligibility and enrollment information" under the medical plan. (Complaint, at ¶ 76).

28. If L3Harris had any such duty to transmit eligibility information, and if any such alleged duty was breached, this process is controlled solely by the ERISA-governed plan documents – not state common law. These plan documents alone dictate L3Harris' responsibilities under the plan and to plan participants, regardless of whether Plaintiff tries to plead around ERISA.

29. For purposes of complete preemption, the dispositive distinction is "whether the claim challenges the administration of or eligibility for benefits, which falls within the scope of § 502(a) and is completely preempted, or the quality of the medical treatment performed, which may be the subject of a state action." *Pryzbowski*, 245 F.3d at 273.

30. Importantly, a claim regarding the proper administration of benefits, "no matter how couched, is completely preempted and removable on that basis." *Id.*

31. Plaintiff alleges that L3Harris failed in its role related to administration of plan, including regarding eligibility, enrollment, and any insurance carrier transition.

32. An entity's administrative activities over the elements of a plan such as "determining eligibility for benefits, calculating those benefits, disbursing them to the participant, monitoring available funds, and keeping records" clearly "fall within section 502(a)(1)(B) and are

completely preempted." *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 162 (3d Cir. 1999). The eligibility determination, enrollment, and recordkeeping functions that Plaintiff attributes to L3Harris as plan sponsor fall squarely within this description and are preempted by ERISA.

33. Plaintiff recognized an ERISA preemption dilemma and attempted to plead around the statute. For example, Plaintiff frames Count V as a claim "not . . . for benefits due under, or for the interpretation or enforcement of, the terms of any plan." (Complaint, at ¶ 76). Plaintiff's self-serving pleading, however, does not defeat preemption. Whether a claim is removable under ERISA turns on its substance, not on the plaintiff's disclaimer. *Pryzbowski*, 245 F.3d at 273. Because Plaintiff's right to the continued coverage at issue exists, if at all, only because of the terms of the ERISA-regulated plan, and because L3Harris's alleged duties arise out of its administration of that plan, Count V should have been brought under ERISA. *See Davila*, 542 U.S. at 212-14.

34. ERISA further supersedes "any and all State laws insofar as they may . . . relate to any employee benefit plan described in section 1003(a)." 29 U.S.C. § 1144(a). While express preemption under Section 514(a) is a defense that does not necessarily by itself dictate removal, it confirms that Plaintiff's state-law theory against L3Harris, which relates directly to the administration of an ERISA plan, is governed by federal law.

35. Because Plaintiff's claim against L3Harris falls within the scope of ERISA's civil enforcement provisions, it is completely preempted and this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

36. This Court has supplemental jurisdiction over the remaining state law claims asserted in the Complaint pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the completely preempted claim that they form part of the same case or controversy.

## IV. CONCLUSION

37. Promptly after the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), L3Harris will give written notice of the removal to all parties and will file a true and correct copy of this Notice of Removal with the Court of Common Pleas of Bucks County.

38. This Notice of Removal is filed subject to, and without waiver of, any and all defenses, objections, and rights that L3Harris may have with respect to Plaintiff's claims, including defenses as to service, personal jurisdiction, venue, capacity, and the sufficiency of the pleading.

WHEREFORE, for the reasons set forth above, Defendant, L3Harris, respectfully requests that this action be removed from the Court of Common Pleas of Bucks County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

SAUL EWING LLP

*/s/ Heather E. Kemp*

Heather E. Kemp, Esq.
Heather.Kemp@saul.com
1735 Market St., #3400
Philadelphia, PA 19103
Tel.: (215) 972-7169

Michael J. Joyce, Esq.
*Michael.Joyce@saul.com*
One PPG Place, 30th Floor
Pittsburgh, PA 15222 Tel.:
(412) 209-2500 Fax: (412)
209-2539

*Counsel for Defendants, L3Harris Technologies, Inc.; L3Harris Aviation Products, Inc.; L3Harris Maritime Power & Energy Solutions, Inc.; L3Harris Global Communications, Inc.; and L3Harris Nexgen Communications, LLC*

Dated: October 26, 2026